The STATE of Ohio, Appellee,

v.

FIELDS, Appellant.

[Cite as *State v. Fields* (1992), 84 Ohio App.3d 423.]

Court of Appeals of Ohio,
Warren County.

No. CA92–04–029.

Decided Dec. 21, 1992.

424

Robert W. Peeler, Mason City Prosecutor, and Bruce A. McGary, for appellee.

Merlyn D. Shiverdecker, for appellant.

Per Curiam.

This cause is before this court pursuant to a notice of appeal of the sentence and judgment entered finding Linda Fields ("appellant") guilty of aggravated menacing.[1]

1. Appellant filed her notice of appeal from two of the four cases tried together. The two cases not appealed were dismissed for improper venue.

On June 10, 1991, complaints were filed against appellant, alleging violations of R.C. 2903.21, aggravated menacing. The complaints allege that on June 7, 1991, appellant caused Jeremy Dilbert and/or Aaron Sorrell to believe that appellant would cause them physical harm. On September 13, 1991, a bench trial was held before the Mason Municipal Court. Four cases charging appellant with aggravated menacing were heard together on September 13, 1991.

The record reveals that on June 7, 1991, Aaron Sorrell ("Sorrell"), Jeremy Dilbert ("Dilbert"), and Ryan Stytes ("Stytes")[2] were fishing on property which belonged to the estate of Nellie Cole. Although the property was uninhabited since Nellie Cole's death, with permission from appellant's mother (presumably as executrix of Nellie Cole's estate), appellant boarded her horses there, and had done so for over eighteen years. On June 7, appellant encountered Stytes and, upon learning that he was there with two friends, appellant, a police officer, retrieved a gun from the trunk of her car, rounded up the other two boys and ejected them from the property.

On January 28, 1992, the trial court entered a corrected decision entry dismissing two of the cases for improper venue and finding appellant guilty of aggravated menacing in the Dilbert and Sorrell cases, which were merged. On January 28, 1992, the trial court held a hearing to sentence appellant. It is from the judgment of guilt and sentence which appellant filed her notice of appeal to this court. Appellant assigns the following as error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of the defendant-appellant in failing to dismiss the complaints for aggravated menacing on the grounds that said complaints fail to allege all of the necessary elements of the offense of aggravated menacing."

Assignment of Error No. 2:

"The trial court erred to the prejudice of the defendant-appellant in finding the defendant guilty where the state failed to prove the fact of venue beyond a reasonable doubt."

Assignment of Error No. 3:

"The trial court erred to the prejudice of the defendant-appellant as the findings of guilty are contrary to law and against the manifest weight of the evidence."

---

2. The transcript of the hearing lists Aaron Sorrell as "Aaron Sole" and Jeremy Dilbert as "Jeremy __." Appellant's brief lists Ryan Stytes as "Ryan Stites."

■ Under appellant's first assignment of error, she contends that the trial court erred in finding her guilty of aggravated menacing, since the complaints in the case *sub judice* allege that appellant caused the victims to believe that she would cause them "physical harm" rather than "serious physical harm" as specified in R.C. 2903.21.

Crim.R. 3 provides: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance." This court in *State v. Broughton* (1988), 51 Ohio App.3d 10, 11, 553 N.E.2d 1380, 1381, stated: "[T]he purpose of a criminal complaint is to inform the accused of the identity and essential facts constituting the offense charged * * *."

The complaints in the case *sub judice* allege the element of "physical harm" rather than "serious physical harm." However, the complaints also contain the words "aggravated menacing" and the statute "2903.21" in the caption. The body of the complaint also alleges that the conduct was in violation of R.C. 2903.21, which is the aggravated menacing statute. Further, appellant's written entry of plea contains the words "aggravated menacing" in the caption. Therefore, we find that the complaints informed appellant of the essential facts of the offense charged. Appellant's first assignment of error is overruled.

■ Appellant's second assignment of error contends that the state did not prove venue beyond a reasonable doubt. The Supreme Court in *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716, summarized the principles of venue by stating:

"Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant. *State v. Draggo* (1981), 65 Ohio St.2d 88 [19 O.O.3d 294, 418 N.E.2d 1343] * * *. The standard of proof is beyond a reasonable doubt, although venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case. *State v. Dickerson* (1907), 77 Ohio St. 34 [82 N.E. 969], paragraph one of the syllabus." *Id.*, 6 Ohio St.3d at 477, 6 OBR at 528, 453 N.E.2d at 718.

"Reasonable doubt" is defined in R.C. 2901.05, and includes " * * * doubt based on reason and common sense." R.C. 2901.05(D). After a thorough review of the transcript, we find appellant's argument to be persuasive.

In the case *sub judice,* testimony from the trial indicates that appellant parked

her car on the north side of Old Fields–Ertel Road.[3]  According to Exhibit B, the north side of Old Fields–Ertel Road is in Warren County.  Stytes' testimony established that he alone met appellant as she was driving her car onto the property.  Stytes testified that after appellant parked her car, she retrieved a gun from the trunk of her car and then waved the gun at Stytes.  Appellant and Stytes then retrieved Sorrell and Dilbert from the southern part of the lake.  Stytes, Sorrell and Dilbert testified that appellant then escorted them back up to where she had parked her car.

Assuming appellant parked her car in Warren County, the testimony reveals that Stytes had the most contact with appellant in Warren County.  In spite of this, in its corrected decision entry of January 28, 1992, the trial court dismissed Stytes' case (case No. 91CRB00446) for improper venue.[4]  Therefore, we find that it logically follows that there was improper venue in the Sorrell and Dilbert cases also.  We sustain appellant's second assignment of error.

■  In her third assignment of error, appellant contends that the guilty findings are contrary to law and against the manifest weight of the evidence.  The applicable standard of review involving a question of whether a conviction was against the manifest weight of the evidence heard before the trial court, without the benefit of a jury, was stated in *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304.  The Supreme Court stated that "[a] reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."  *Id.* at 59, 526 N.E.2d at 306, citing *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132.

R.C. 2903.21(A) defines the offense of aggravated menacing as follows:  "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family."  After a careful review of the record, we find that there was not substantial evidence upon which the trial court could rely to find appellant guilty of aggravated menacing.  The trial testimony of Stytes, Sorrell and Dilbert establishes that although appellant had a gun with her on June 7,

---

**3.**  It appears from the trial transcript that the trial court had the benefit of an exhibit drawn by a witness for the state on which other witnesses marked locations of the events in this case.  We do not have that exhibit before us.

**4.**  The judgment entry is somewhat confusing in that it states:  "Upon evidence presented to the Court on November 20, 1991, the Defendant was found Guilty of Case 91CRB00445, Aggravated Menacing, Case 91CRB00447 Merged with Case 91CRB00445, Case 91CRB00446 and 91CRB00468 [were] Dismissed (Wrong Venue)."  However, appellee's brief states, "[t]he Decision Entry dismissed Case No[s.] 91–CRB–446 and 91–CRB–468 for improper venue."  Appellant's brief also verifies this and both briefs assign Case No. 91CRB00446 to Ryan Stytes.

1991, she did not verbally threaten the boys or directly point the gun at them. Stytes testified that when he initially encountered appellant she did not have her gun with her, but after learning that Stytes was on the property with two of his friends, appellant went back to her car to get her gun. Although appellant initially waved the gun around, she held the gun at her side thereafter, including the time she was with Sorrell and Dilbert. Stytes also testified that appellant was "pretty nice" to him for most of the encounter. We find that appellant's actions did not constitute a threat.

We also find that it is important to note the background of this incident. Dilbert, Stytes and appellant testified that the property was covered with bushes and trees. Also, appellant testified that the property had been vandalized previously, the house had been broken into, and other trespassers had been on the property.[5] See *In re Sekulich* (1981), 65 Ohio St.2d 13, 16, 19 O.O.3d 192, 194, 417 N.E.2d 1014, 1016. Therefore, appellant, as a trained police officer, responded to this situation with a technique which was cautious and understandable.

Based on this background and the above testimony, we find that there was not substantial evidence to support all the elements of aggravated menacing beyond a reasonable doubt. *Eskridge, supra.* Although we are always reluctant to reverse a judgment as being against the manifest weight of the evidence, we must do so based upon the record before this court, which shows that there was no verbal or physical threat made by appellant which would cause a fear of serious physical harm. The boys were trespassers,[6] and under her indicia of authority appellant was entitled to eject them from the property.

Although appellant's assignment of error alleges that the guilty finding was against the manifest weight of the evidence, we also find that the evidence was insufficient to support a guilty finding. The Supreme Court in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, stated the standard of review on a question of the sufficiency of the evidence as " * * * after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at 273, 574 N.E.2d at 503, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573. As stated above, we find that appellant made no threat which would cause a fear of serious physical harm.

---

5. This testimony is supported by the trial transcript, which covers an incident that occurred on May 19, 1991, wherein appellant was charged with aggravated menacing when she ejected other individuals for fishing on the property. As previously noted, this case was dismissed on the basis of improper venue.

6. Although Stytes testified that the boys received permission to fish on the property from a man in a maroon van, we do not find this to be adequate proof of permission.

Therefore, there was not sufficient evidence to support all the essential elements of aggravated menacing beyond a reasonable doubt. We therefore sustain appellant's third assignment of error.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and vacated and appellant is discharged.

*Judgment reversed.*

JONES, P.J., KOEHLER and WALSH, JJ., concur.