The STATE of Ohio, Appellee,

v.

PECORA, Appellant.

[Cite as *State v. Pecora* (1993), 87 Ohio App.3d 687.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005489.

Decided May 12, 1993.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellee.

*James Burge,* for appellant.

REECE, Judge.

Defendant-appellant, Ronald A. Pecora, appeals his conviction of felonious assault, R.C. 2903.11, with a firearm specification, R.C. 2941.141. We affirm.

Pecora's conviction results from an incident on April 21, 1992. In the early morning, Pecora was alerted by a neighbor that two people were behaving suspiciously on his property. Pecora picked up his .38 caliber revolver and went outside. Once there, he noticed two men in the process of breaking into his son's car. Pecora testified that he told the suspects to "hold it right there," but the suspects began moving toward him. As they were advancing, Pecora claims to have fired two warning shots away from the men who then ran down the street into a nearby park. Pecora and his son gave chase. Pecora later identified the suspects as one white and one black male.

Carolyn Paden and Phillip Warner were also in this park. They heard the gunshots fired by Pecora and decided to leave. While pulling out of the park, Warner saw Pecora and his son. Warner observed that Pecora, who was running in the middle of the road, had a gun. Warner testified that, Pecora, who was now standing beside the car, fired two shots into the door of the driver's side of the vehicle. Warner "floored it" and left the scene. Later, Warner stopped and found bullet holes in the driver's side door. He then reported this incident to the police.

Pecora was indicted on two counts of felonious assault with two counts of firearm specifications and two counts of physical harm specifications. The jury returned a verdict of guilty to one charge of felonious assault and one firearm specification. Pecora was acquitted of the remaining charges. He appeals from the trial court's decision, raising two assignments of error.

### Assignment of Error No. I

"The trial court erred, and to the prejudice of appellant 1) by giving an erroneous instruction on the defense of citizen arrest, 2) by refusing to instruct the jury on the defense of mistake of fact, 3) by refusing to instruct the jury that an automobile may be used as a deadly weapon, and 4) by giving an erroneous instruction with regard to the use of force in effecting a citizen arrest for robbery."

Pecora raises several errors in the jury instructions. Pecora first argues that the trial court gave conflicting instructions on the issue of a citizen's arrest. While Pecora acknowledges the court gave the correct instruction at one point, he alleges the court later gave a contradictory instruction. We disagree.

Initially, the court gave the elements necessary for a citizen's arrest with an explanation of each of these elements. This is the instruction Pecora admits was

proper. Later, the court outlined the elements without any explanation. The court did not contradict itself by reviewing the instructions without the explanation.

Assuming *arguendo* the court erred in its instruction on citizen's arrest, Pecora could not successfully avail himself of this defense. He maintains that he was entitled to use deadly force in effectuating this arrest. As the United States Supreme Court has stated, the use of deadly force to prevent the escape of a suspected felon is prohibited unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or physical injury to the officer or others. *Tennessee v. Garner* (1985), 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1, 10. *Garner* involved a police officer's right to use deadly force when arresting a breaking and entering suspect. The rights of a private citizen to use deadly force are no greater than those of a police officer. In this case, Pecora was confronted with two individuals breaking into his son's car. He had no authority, based on an attempted citizen's arrest, to use deadly force to apprehend these men. Therefore, he lacked authority to shoot the individuals in the automobile that he apparently mistook as fleeing thieves.

Pecora also alleges that the court erred in failing to instruct on mistake of fact. Ignorance or mistake of fact is a defense if it negates a mental state required to establish an element of a crime, except that if the defendant would be guilty of a crime under the facts as he believed them, then he may be convicted of that offense. Pecora would be guilty even if the situation were as he believed. LaFave, Criminal Law (2d Ed.1986) 405, Section 5.1. See, generally, 25 Ohio Jurisprudence 3d (1981) 167, Criminal Law, Section 62.

The court's instructions to the jury must be based on the actual issues in the case as presented by the evidence. *State v. Rogers* (1975), 43 Ohio St.2d 28, 72 O.O.2d 16, 330 N.E.2d 674, certiorari denied (1976), 423 U.S. 1061, 96 S.Ct. 801, 46 L.Ed.2d 653; *State v. Guster* (1981), 66 Ohio St.2d 266, 271, 20 O.O.3d 249, 252, 421 N.E.2d 157, 160. A court need not give an instruction unless it applies to the facts in the case. *Id.* Pecora asserts that an instruction was warranted as to mistake of fact because he shot at the vehicle due to his mistaken belief it was occupied by the suspected criminals. As we have previously stated, he had no authority to use deadly force to effectuate a citizen's arrest. Thus, as a matter of law his citizen's arrest defense must fail even if the facts were as he mistakenly believed.

Further, Pecora asserts that his actions were justified because he mistakenly believed the individuals in the vehicle were attempting to "run him over." Assuming this is true, Pecora was not justified in firing at the car when it was

passing him. Pecora compares this case to *State v. Foster* (1979), 60 Ohio Misc. 46, 14 O.O.3d 144, 396 N.E.2d 246. In *Foster*, the defendant was directly in the path of an automobile. Thus, the car was a deadly weapon. Here, Pecora was under no such threat. Rather, the evidence shows the car had already passed him. His mistake-of-fact defense was not available as he had no justification for firing at the passing car.

In summation, the court correctly instructed the jury on the elements of a citizen's arrest and the use of deadly force. The trial court was not required to instruct the jury on mistake of fact as Pecora could not have been excused of felonious assault even if the facts were as he believed. Pecora's first assignment of error is overruled.

### Assignment of Error No. II

"The trial court committed plain error in failing to admonish the prosecutor, and in failing to give a curative instruction to the jury, despite repeated attempts by the prosecutor during the questioning of appellant and other witnesses, as well as in the prosecutor's closing arguments, to impress the jury that appellant's actions were motivated by prejudice against blacks where 1) there was no evidence that this motive existed and 2) appellant's initial objection to this course of conduct was sustained."

As Pecora correctly notes, we can only reverse the court's decision if we find its actions to be plain error because Pecora did not object to these statements at trial. In criminal cases, plain error is governed by Crim.R. 52(B) which states:

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

The Supreme Court has repeatedly admonished that this exception to the general rule is to be invoked reluctantly.

"Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. See, also, *State v. Thompson* (1987), 33 Ohio St.3d 1, 10, 514 N.E.2d 407, 416.

In this case, the race of the people who broke into Pecora's son's automobile and the race of the person who was driving out of the park were in issue. Pecora identified one person in his driveway as white and one as black. However, it was later discovered that both these people were white. Phillip Warner, the driver of the automobile fired upon, was black. The existence of Pecora's belief that Warner was one of the individuals in his driveway was an issue in this case. After reviewing the alleged statements, we find that the

references to race were to bring this factual matter to the jury's attention and allow it to consider the reasonableness of Pecora's claimed belief that Warner was one of the suspected criminals. Pecora's second assignment is without merit.

The trial court's judgment is affirmed.

*Judgment affirmed.*

COOK, P.J., and DICKINSON, J., concur.