[Cite as *State v. Perez*, 2010-Ohio-3168.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 30 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LUIS PEREZ | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Campbell
                             Municipal Court of Mahoning County,
                             Ohio
                             Case No. 08 CRB 891

JUDGMENT:                    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Mark J. Kolmacic
                             Director of Law
                             Huntington National Bank Building
                             26 Market Street, Suite 610
                             Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. Rhys B, Cartwright-Jones
                             100 Federal Plaza East, Suite 101
                             Youngstown, Ohio  44503-1810

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  June 25, 2010

WAITE, J.

**{¶1}** Appellant Luis Samuel Perez contends that he presented evidence of self-defense in response to charges of assault and criminal damaging. He seeks to reverse his conviction and 12-day jail sentence in Campbell Municipal Court. Appellant used a baseball bat to smash the driver's side window of a car, damaging the car and injuring the driver. The incident occurred near Appellant's home and across the street from his sister's house. The driver of the car was a 16-year old minor child J.R., who had just dropped off a friend at Appellant's sister's residence. J.R. was sitting in his parked car across the street from the house, when Appellant approached and struck it with a baseball bat. J.R. exited the car and told Appellant that he was only there to drop off a friend and use the bathroom. J.R. reentered the car and shortly afterward ran the car into a nearby house.

**{¶2}** On April 15, 2008, Appellant was charged with one count of assault, a first degree misdemeanor under Campbell City Code 131.03, and one count of criminal damaging, a second degree misdemeanor under Campbell City Code 134.02. The court held a bench trial on January 20, 2009. The victim and Appellant both testified at trial, along with the victim's mother and a cousin of Appellant. At the conclusion of the trial, the court found Appellant guilty of both counts and sentenced him to 180 days in jail on count one, with 168 days suspended, and 90 days on count two, with 78 days suspended, to be served concurrently. This appeal followed.

**{¶3}** Appellant argues that he proved the affirmative defenses of defense of others and defense of property. Appellant contends that there was a 4-year old child sleeping in the house and that he acted to defend the child and to defend his sister's

home. To prove self-defense or defense of others, a defendant must show that he was not at fault in creating the situation giving rise to the affray. The evidence shows, however, that Appellant initiated the assault by approaching J.R. in his vehicle that was parked away from the persons and property he was allegedly protecting. Further, defense of others is an affirmative defense. The trial court, as the trier of fact, did not believe Appellant's evidence and ruled accordingly. There is no error of law or fact in the verdict, and the judgment of the trial court is affirmed.

**{¶4}** On December 28, 2009, the state filed a notice that it would not be filing a brief and would stand on the record.

**{¶5}** The record indicates that on April 12, 2008, at approximately 2:30 a.m., J.R., a 16-year old juvenile, drove to 10 Monette Street in Campbell, Ohio, to drop off his friend. He parked his car on the street and walked his friend to the house. J.R. entered the residence to use the restroom, and then returned to his car. Appellant observed this activity from his mother's house at 221 Gladstone Street, which is the next street to the north of Monette Street. Appellant was concerned about the residence at 10 Monette Street because it is owned by his sister. Appellant took a baseball bat, walked to J.R.'s car and hit the driver's side window with the bat, thereby damaging the car and injuring J.R. Appellant ordered J.R. to get out of the car, which he did. After an exchange of words, J.R. reentered the car and, shaken up by the incident, drove the car into a nearby house. Appellant was later charged with assault and criminal damaging, and the case proceeded to a bench trial on January 20, 2009, in Campbell Municipal Court.

{¶6}  Appellant testified that he was 33 years old and living in his mother's home at the time of the crime.  He was periodically checking on his sister's house at 10 Monette Street because his sister was away in Sandusky.  He testified that one of his cousins was staying in the house, along with his 15-year old niece.  There was also testimony from Santos Mercado (another cousin of Appellant) that his 4-year old child was asleep in the house when the crime occurred.  At 11:00  p.m. on April 11, 2008, Appellant visited his sister's house and could not find his niece or his cousin (whose name is not in the record).  He assumed that the cousin had passed out or was sleeping, and he did not know where his niece was.  He left and locked the door behind him.

{¶7}  At 2:30 a.m., Appellant saw a young man leaving his sister's house and enter a car that was parked on the street.  Appellant grabbed a bat and ran to the car.  The car was not turned on or moving.  The young man was talking on his cellular phone inside the car.  Appellant testified that he hit the car with his bat and walked away.  He testified that the young man exited the car.  They exchanged a few words, and Appellant turned and walked back to his mother's house.

{¶8}  J.R. testified that he was a 16-year old student at Campbell Memorial High School.  He testified that he was not romantically involved with J. and that they were just friends.  On the morning of the crime, he had picked J. up from another friend's house and drove her to her home on Monette Street.  He parked his car across the street from her house and walked her to the house.  To his knowledge there was no one at home at the time.  He entered the house to use the bathroom,

and then walked back to his car. He did not see anyone else in the house other than J., and saw no one as he walked back to his car. He entered his car and had not yet started the engine when he saw Appellant hit the driver's side window with a baseball bat. The window shattered, and his back and shoulder were injured by the pieces of glass. Appellant told J.R. to get out of the car. Appellant asked, "[w]hat are you doing here?" and J.R. answered "I'm only 16, I'm not doing anything here with your niece or nothing, I'm just using the restroom." (1/20/09 Tr., p. 12.) Appellant told him to leave, so he got back into the car and started driving. He stopped at a stop sign and thought Appellant was following him. He testified that he was scared, and as he started driving again, he swerved and drove his car into a house. He testified that the car was later repaired by his father and with insurance proceeds, but that there was a $500 deductible on the insurance policy.

{¶9} The court found Appellant guilty of assault and criminal damaging. The court sentenced Appellant to 180 days in jail for assault, with 168 suspended, and a $250 fine plus court costs. The court also sentenced him to 90 days in jail for criminal damaging, with 78 days suspended, a $100 fine, court costs, and ordered restitution to the victim's father in the amount of $500. The two jail sentences were to run concurrently, with a total of 12 days of actual jail time to be served. The court also ordered six months of probation. The judgment entry was filed on January 20, 2009, and this timely appeal followed on February 2, 2009. The trial court issued a stay of execution of sentence on February 10, 2009.

## ASSIGNMENT OF ERROR

{¶10} "The trial court erred in convicting Mr. Perez, who presented a complete case of defense of another and/or of defense of property."

{¶11} Appellant argues that he should not have been convicted because the court should have believed his evidence that he was acting either in defense of another or in defense of property. Under Ohio law, self-defense, defense of others, and defense of property are affirmative defenses. *State v. Martin* (1986), 21 Ohio St.3d 91, 21 OBR 386, 488 N.E.2d 166, affirmed *Martin v. Ohio* (1987), 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267. In order for a defendant to assert the affirmative defense of defense of others, it must be shown that he was protecting another person from immediate danger of bodily harm from an assailant and that the other person could assert the defense himself. *State v. Wenger* (1979), 58 Ohio St.2d 336, 390 N.E.2d 801. A defendant invoking the "defense of others" is only entitled to use as much force as the person being defended would be permitted to use. *State v. Wenger* (1979), 58 Ohio St.2d 336, 340, 12 O.O.3d 309, 390 N.E.2d 801.

{¶12} To establish self-defense or defense of others, the defendant must show that: (1) he was not at fault in creating the situation giving rise to the affray; (2) he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of force; and (3) he must not have violated any duty to retreat or avoid the danger. *State v. Robbins* (1979), 58 Ohio St.2d 74, 12 O.O.3d 84, 388 N.E.2d 755, paragraph two of the syllabus; *State v. Cooper*, 170 Ohio App.3d 418, 2007-Ohio-1186, 867 N.E.2d 493, ¶18. The defendant is privileged to use only that force which is reasonably

necessary to repel the attack. *State v. McLeod* (1948), 82 Ohio App. 155, 157, 37 O.O.3d 522, 522-23, 80 N.E.2d 699.

{¶13} The defendant must prove all three elements of self-defense by a preponderance of the evidence, and failure of any one of the elements defeats the affirmative defense. *State v. Jackson* (1986), 22 Ohio St.3d 281, 284, 22 OBR 452, 490 N.E.2d 893, certiorari denied (1987), 480 U.S. 917, 107 S.Ct. 1370, 94 L.Ed.2d 686. Proving self-defense does not negate an element of the offense; rather, it acts as a defense for committing the elements of the offense. *State v. Harrison*, 10th Dist. No. 06AP-827, 2007-Ohio-2872, ¶23. It is for the trier of fact to determine the credibility of the evidence supporting the defenses of self-defense or defense of others. *State v. Griffin*, 175 Ohio App.3d 325, 2008-Ohio-702, 886 N.E.2d 921, ¶31.

{¶14} Defense of property is related to self-defense and defense of others. "[A] landowner may use such force as is reasonably necessary in defense of his property. A trespasser who intends to steal and is about to enter a building to commit a theft is not entitled to any affirmative notice warning him that the landowner may use reasonable force to prevent the theft and the trespasser assumes that risk. The landowner may use such force as he in good faith reasonably believes will be necessary to prevent the theft and repel the trespasser. The landowner's right to use reasonable force extends only to the right to prevent the theft; that is, once the threat of the theft ceases, the right to use reasonable force to prevent the theft also ceases." *Goldfuss v. Davidson*, (1997), 79 Ohio St.3d 116, 124, 679 N.E.2d 1099.

{¶15} In determining whether there are reasonable grounds for believing there was an imminent threat of bodily harm, the court can consider whether the defendant received prior threats or encountered prior trespassers. *State v. Fields* (1992), 84 Ohio App.3d 423, 428, 616 N.E.2d 1185.

{¶16} The record on appeal does not establish defense of others or defense of property. First and foremost, there is no evidence that the person or persons that Appellant was allegedly defending could assert the defense of self-defense. The record indicates that J.R. was invited into the house to use the bathroom by his friend J. He then left the house and walked back to his car. There is no indication that J.R. trespassed on any property (since he was invited into the home), or that he was threatening anyone at J.'s home, while he walked to his car, or while he sat in his car. It is clear from the record that J.R. was simply preparing to drive away when Appellant attacked. It is apparent that Appellant was not privileged to use any force against J.R. because no one in the vicinity of the attack was in imminent danger of being attacked by J.R. or believed they were going to be attacked by J.R.

{¶17} Appellant believes that he had a legitimate reason to be afraid of J.R. because his mother's house had been previously robbed. It is true that the defendant's state of mind is an important factor in establishing self-defense. *State v. Moore*, 3d Dist. Nos. 1-06-89, 1-06-96, 2007-Ohio-3600, ¶59. There must be both reasonable and objective grounds to believe that harm is imminent, and there must be an honest and subjective belief that harm is imminent. *State v. Thomas* (1997), 77 Ohio St.3d 323, 330, 673 N.E.2d 1339. It is also true that, in determining whether

there are reasonable grounds for believing there was an imminent threat of great bodily harm, the court may consider whether the defendant received prior threats or encountered prior trespassers. *State v. Fields* (1992), 84 Ohio App.3d 423, 428, 616 N.E.2d 1185. Nevertheless, the defense of self-defense does not permit the alleged victim to become the aggressor once the affray has ended, or before an affray has even taken place. "The 'not at fault' requirement * * * means that the defendant must not have been the first aggressor in the incident." *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶23. See also, *State v. Kershaw* (1999), 132 Ohio App.3d 243, 249, 724 N.E.2d 1176 (defendant is at fault in creating the affray when he threatens victim, leaves to obtain a firearm, and pursues the victim off of his property); *State v. Pecora* (1993), 87 Ohio App.3d 687, 690-691, 622 N.E.2d 1142 (one who believes that a driver is intending to hit him with a car is not privileged to shoot at the car after it has already driven by).

**{¶18}** Appellant was obviously at fault in creating the affray because J.R. was sitting in his car preparing to leave when Appellant attacked him. There is no evidence that J.R., a 16-year old boy, presented any type of threat to anyone when he was assaulted.

**{¶19}** Regarding the argument that Appellant was defending his property, there is no evidence that J.R. was on Appellant's property when the assault occurred. Appellant was parked on the street in his car. "The privilege to use force to repel an intruder does not permit a defendant to leave the sanctuary of his home to go after

an anticipated intruder." *State v. Walton* (Aug. 2, 1995), 9th Dist. No. 94CA005940, at 4.

**{¶20}** Finally, even if Appellant had presented evidence supporting the elements of self-defense or defense of property, the trial court, as the trier-of-fact was not required to believe that evidence. Whether the evidence establishes the elements of self-defense is left to the trier of fact to decide. *State v. Morton*, 147 Ohio App.3d 43, 2002-Ohio-813, 768 N.E.2d 730, ¶52.

**{¶21}** Appellant did not present sufficient evidence to prove defense of others or defense of property. Even if Appellant had presented evidence to support these defenses, the trial court, as the trier of fact, was not required to believe the evidence. Appellant's arguments are not supported by the record, and his conviction and sentence for assault and criminal damaging are hereby affirmed.

Donofrio, J., concurs.

Vukovich, P.J., concurs.