The STATE of Ohio, Appellee,

v.

COOPER, Appellant.

[Cite as *State v. Cooper*, 170 Ohio App.3d 418, 2007-Ohio-1186.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 06CA4.

Decided March 13, 2007.

420

Richard Cline & Co., L.L.C., and Richard A. Cline, for appellant.

J.B. Collier Jr., Lawrence County Prosecuting Attorney, and Jeffrey M. Smith, Assistant Prosecuting Attorney, for appellee.

HARSHA, Judge.

{¶ 1} William Cooper appeals his convictions for murder and felonious assault. First, Cooper contends that he was denied a fair trial because the trial court omitted a jury instruction on the defendant's burden of proof in establishing his self-defense claim. We agree that the trial court should have instructed the jury on the burden of proof that was required of the defendant under R.C. 2901.05(A) to establish that he acted in self-defense. However, Cooper failed to object to this omission, so he has waived all but plain error. Because the error is so fundamental that it causes us to lack confidence in the verdict, we find that it amounts to plain error.

{¶ 2} Next, Cooper contends that the defense proved by a preponderance of the evidence that he acted in self-defense, and therefore his convictions for murder and felonious assault are not supported by sufficient evidence. However, a sufficiency analysis does not address the rational persuasiveness of an affirmative defense. Rather, it is limited to whether the state's evidence is legally sufficient to reach the trier of fact. Thus, we summarily reject that argument.

{¶ 3} Finally, Cooper contends that his conviction is against the manifest weight of the evidence because he established that he acted in self-defense. When both sides satisfy their respective burdens to put competing theories of the case before the jury, we leave the test of logical persuasiveness to the finder of fact. Here, the state satisfied its burden of proof to present substantial evidence going to all the elements of the charges so that a reasonable juror could find Cooper guilty beyond a reasonable doubt. Thus, the jury was free to reject Cooper's claim of self-defense and believe the state's version of the events.

## I. Facts

{¶ 4} A grand jury indicted Cooper on one count of murder for shooting and killing Scott Marcum and one count of felonious assault for shooting and wounding Orland Harper Jr. in the early morning hours of July 2, 2005. Both counts included firearm specifications.

{¶ 5} A jury trial produced the following evidence. On the evening of the shootings, William Cooper's adult son, "Bub," was very intoxicated and had engaged in combative behavior with a number of individuals at a location known as Sisler Hollow, where Bub and his wife and friends had been "partying." Bub got into an argument with his wife, left Sisler Hollow, and in a highly agitated state went to his father's home. Sporting a black eye, Bub claimed that his friend Scott Marcum and others had "whipped" him and had damaged his four-wheeler vehicle at Sisler Hollow. Bub tried to get a gun from William Cooper, but left and drove back to Sisler Hollow after his father prevented him from taking the gun.

{¶ 6} William Cooper then armed himself with a .38 caliber handgun and, accompanied by his neighbor, Johnny Keaton, drove to Sisler Hollow. Upon arrival, William Cooper saw Bub on the ground in an apparent fight with Freddie Sisler. William Cooper got out of his car and shot his handgun into the air. Freddie Sisler and Bub then got up off the ground, Bub left and walked up a hill, and Keaton walked away from the scene. Upon hearing the gunshot, J.R. Harper and Scott Marcum came down the hill and approached William Cooper. Cooper fired several shots at them, killing Marcum and severely wounding Harper. Cooper then left the scene and drove home.

{¶ 7} On the way home, Cooper picked up Keaton, told him that he had shot Marcum and Harper, and stated, "I messed up." When he arrived home, he put his gun on the kitchen table and told his wife that he had "messed up" and had "shot them guys."

{¶ 8} Law enforcement officers took Cooper into custody shortly thereafter, and he gave them a statement, explaining that he had gone to Sisler Hollow "to scare them" and "it got out of hand." Cooper admitted shooting the victims but claimed that he did so because he feared for his life.

{¶ 9} At the conclusion of the trial, the trial court instructed the jury on murder, felonious assault, and the state's burden of proof of "beyond a reasonable doubt." The court also gave an instruction on self-defense but did not instruct the jury that defendant's requisite burden of proof for self-defense was "by a preponderance of the evidence." The jury found Cooper guilty as charged. The trial court sentenced him to a term of 15 years to life imprisonment for the

murder and felonious assault convictions, and an additional three years for the firearms specifications.

## II. Assignments of Error

{¶ 10} Cooper appeals from his judgment of conviction, raising the following assignments of error:

[I.]   The court below failed to give a proper instruction on self defense, failed to instruct the jury on the defense burden of proof, and failed to instruct the jury on how to apply its findings regarding self defense.   As a result, Mr. Cooper was denied due process of law and a fair trial, in violation of the Ohio and United States Constitutions.

[II.]   The evidence at trial was insufficient to support the jury's guilty verdicts on the murder and felonious assault charges where the defense evidence proved by a preponderance of the evidence that Mr. Cooper acted in self defense.

[III.]   The jury's guilty verdicts on the murder and felonious assault charges were against the manifest weight of the evidence where the defense evidence proved by a preponderance of the evidence that Mr. Cooper acted in self defense.

{¶ 11} To facilitate our analysis in this case, we will address the second and third assignments of error before addressing the initial one.

## III.   Sufficiency and Manifest Weight of the Evidence

{¶ 12} In his second and third assignments of error, Cooper contends that his convictions are based on insufficient evidence and are against the weight of the evidence.

## A.   Sufficiency

{¶ 13} Initially, we address the state's argument that defendant's failure to move for judgment of acquittal under Crim.R. 29(A) waives any challenge to the sufficiency of the evidence.   The Supreme Court of Ohio has concluded that the failure to raise a sufficiency argument at trial does not waive that argument on appeal.   See *State v. Jones* (2001), 91 Ohio St.3d 335, 346, 744 N.E.2d 1163;  *State v. Carter* (1992), 64 Ohio St.3d 218, 223, 594 N.E.2d 595.   See, also, *State v. Coe,* 153 Ohio App.3d 44, 2003-Ohio-2732, 790 N.E.2d 1222, at ¶ 19. Rather, a defendant preserves his right to object to the alleged insufficiency of the evidence when he enters his "not guilty" plea.   See *Jones; Carter.*   Moreover, "because 'a conviction based on legally insufficient evidence constitutes a denial of due process,' * * * a conviction based upon insufficient evidence would almost always amount to plain error."   *Coe,* 153 Ohio App.3d 44, 2003-Ohio-2732,

790 N.E.2d 1222, at ¶ 19, quoting *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541. Thus, we conclude that Cooper did not waive his challenge to the sufficiency of the evidence by failing to move for judgment of acquittal at trial. Accordingly, we proceed to consider his assignment of error.

{¶ 14} When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. This is a test of legal adequacy, not rational persuasiveness. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶ 15} As the Supreme Court of Ohio noted in *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, at ¶ 37–38, a challenge to the sufficiency of the evidence does not involve an analysis of the strength of the defendant's evidence. Rather, it is intended to analyze the legal adequacy of the state's evidence by deciding whether the case should go to the jury. Under the sufficiency test, the state is entitled to have the case decided by the jury when it has presented enough credible evidence going to every element of the crime so that a reasonable jury could find the defendant guilty beyond a reasonable doubt if it believed that evidence. An affirmative defense does not negate the legal adequacy of the state's proof for purposes of submitting it to the jury. An affirmative defense involves an excuse or justification for doing an otherwise illegal act. See R.C. 2901.05(C)(2). It does not deny the existence of the act; it simply provides a legal justification for it. Thus, the test for sufficiency of the evidence does not apply to affirmative defenses because the focus is solely upon the substantive elements of the charged offense—not the strength of the defendant's justification for his actions. Id. at ¶ 38. Once the state has satisfied the question of legal adequacy arising under *Jackson*, the question of the relative persuasiveness of the two theories must await a jury's determination and face appellate scrutiny under a manifest weight of the evidence analysis. Accordingly, we summarily reject Cooper's claim of insufficient evidence.

### B. Weight of the Evidence

{¶ 16} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. *State v. Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the

witnesses, and determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. We will order a new trial only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 100, citing *Martin* at 175, 20 OBR 215, 485 N.E.2d 717. We must not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. *State v. Getsy* (1998), 84 Ohio St.3d 180, 193–194, 702 N.E.2d 866; *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

{¶ 17} The weight to be given evidence and the credibility to be afforded to witnesses' testimony are issues to be determined by the trier of fact. *State v. Dye* (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763; *State v. Frazier* (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000. The jury "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273. "When conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." *State v. Mason*, Summit App. No. 21397, 2003-Ohio-5785, 2003 WL 22439816, ¶ 17.

{¶ 18} Under Ohio law, self-defense is an affirmative defense, which a defendant must prove by a preponderance of the evidence. R.C. 2901.05(A); *State v. Martin* (1986), 21 Ohio St.3d 91, 21 OBR 386, 488 N.E.2d 166, syllabus. In order to prove self-defense, defendant has to prove that (1) he was not at fault in creating the situation giving rise to the shootings, (2) he had reasonable grounds to believe and an honest belief that he was in immediate danger of death or great bodily harm and that his only means of escape from such danger was by the use of deadly force, and (3) he had not violated any duty to escape to avoid the danger. See, 4 Ohio Jury Instructions (2006) 409.57; *State v. Williford* (1990), 49 Ohio St.3d 247, 249, 551 N.E.2d 1279; *State v. Jackson* (1986), 22 Ohio St.3d 281, 22 OBR 452, 490 N.E.2d 893; *State v. Robbins* (1979), 58 Ohio St.2d 74, 12 O.O.3d 84, 388 N.E.2d 755, paragraph two of the syllabus. The elements of self-defense are cumulative, and if defendant failed to prove *any one* of the elements by a preponderance of the evidence, he failed to demonstrate that he acted in self-defense. *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 72, citing *Jackson*, 22 Ohio St.3d at 284, 22 OBR 452, 490 N.E.2d 893.

{¶ 19} A person is privileged to use only that force that is reasonably necessary to repel the attack, and in most circumstances, may not kill in self-defense if he has available a reasonable means of retreat from the confrontation. *Williford,* 49 Ohio St.3d at 249–250, 551 N.E.2d 1279; *Jackson,* 22 Ohio St.3d at 283–284, 22 OBR 452, 490 N.E.2d 893; *Robbins,* 58 Ohio St.2d at 79–81, 12 O.O.3d 84, 388 N.E.2d 755.

{¶ 20} Cooper contends that the evidence demonstrated that (1) he shot the handgun into the air only as a warning shot to break up the apparent fight in legal defense of his son, (2) he reasonably feared for his life when he shot the victims, and (3) they prevented him from retreating from the scene, even if he had a duty to do so. In support of his self-defense claim, Cooper points to evidence that (1) he was aware before the shootings that Scott Marcum had demonstrated a violent propensity that evening by his actions against Bub; (2) before he shot Marcum, he heard Marcum say that he had a .25 caliber handgun as he reached into his pocket; and (3) both victims repeatedly punched him, slammed his car door against him, and threatened to kill him as they pinned him between the car door and the car. Cooper contends this evidence establishes that he shot the victims because he was unable to leave the scene and he feared for his life.

{¶ 21} Much of the foregoing evidence came from Cooper's statement to the police, which was admitted into evidence at trial. In that statement, Cooper admitted that he never saw anyone else with a gun before he shot the victims. All of the other witnesses at the scene testified that no one other than Cooper had a gun. Directly contradicting Cooper's contention that Scott Marcum claimed to have a gun, Freddie Sisler testified that Marcum stated that he did *not* have a gun as he approached Cooper.

{¶ 22} All of the witnesses at the scene disputed Cooper's claim that anyone had punched him or threatened to kill him. Moreover, photographs taken of Cooper and a police officer's observation of him did not support his claim that he suffered injury as a result of having been punched or having a car door slammed against him by the victims.

{¶ 23} Contrary to Cooper's testimony that he shot the victims as he was being punched and pinned in his car door, Harper and Freddie Sisler testified that Cooper shot Harper before Harper even reached the car and that Marcum slammed the car door against Cooper only after he shot Harper.

{¶ 24} Kathy Sisler contradicted Cooper's claim that he had no time to leave the scene after he fired the warning shot into the air. She testified that he had ample time to get in his car and leave the scene between the time that he fired

the warning shot, his son Bub went up the hill, and Harper and Marcum came down the hill and arrived at the scene.

{¶ 25} Concerning Cooper's contention that he shot the victims because he "feared for his life," it is notable that after the shootings, he did not tell Keaton or his wife that he shot the victims out of fear. Rather, he told them that he had "messed up" and that "it got out of hand." He first made a statement that he "feared for his life" when he made his statement to the police. Given the timing of this claim, the jury could have reasonably rejected it as self-serving.

{¶ 26} Based on the foregoing evidence, the jury could have reasonably concluded that Cooper had no reasonable grounds to believe that he was in immediate danger of death or great bodily harm, or alternatively, that he had had an opportunity to escape before using deadly force against the victims.

{¶ 27} Furthermore, the jury could have reasonably found that Cooper was at fault in creating the situation giving rise to the shootings when he fired the warning shot into the air. The jury could have concluded that this action escalated, rather than tempered, the level of violence and drew the victims to the scene to see what was happening.

{¶ 28} After reviewing the evidence, we conclude that the jury did not lose its way and create a manifest injustice. Our review of the record reveals that the state presented substantial evidence from which the jury could conclude, beyond a reasonable doubt, that defendant was guilty of murder and felonious assault and that defendant had not shown by a preponderance of the evidence that he shot the victims in self-defense. We leave the role of determining the rational persuasiveness of two competing versions of the events to the jury. Accordingly, we overrule the third assignment of error.

## IV. Instructions on Self–Defense

{¶ 29} Finally, we look at Cooper's assertion that the trial court's instructions to the jury on self-defense denied him a fair trial by failing to address his burden of proof under R.C. 2901.05(A).

{¶ 30} A party's failure to object to jury instructions before the jury retires constitutes a waiver of any claim of error regarding the instructions, absent plain error. See Crim.R. 30(A); Crim.R. 52(B); *State v. Williford* (1990), 49 Ohio St.3d 247, 551 N.E.2d 1279, paragraph three of the syllabus; *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph one of the syllabus. The doctrine is to be used cautiously and only under exceptional circumstances to prevent a manifest miscarriage of justice. *Long,* paragraph three of the syllabus.

{¶ 31} At the conclusion of the trial court's instructions to the jury, defense counsel inquired about an omission in the instructions but did not identify on the record the specific omission that was at issue. Defense counsel seemed satisfied with the trial court's explanation in response to defense counsel's query and did not assert any objection to the instructions before the jury retired to consider its verdict. Because defendant failed to specifically object on the record to any omission in the court's instructions on self-defense, he can prevail only if he establishes plain error. Plain error does not exist in conjunction with improper jury instructions unless the outcome of the trial would clearly have been different. *Williford,* 49 Ohio St.3d at 253, 551 N.E.2d 1279; *State v. Sanders* (2001), 92 Ohio St.3d 245, 263, 750 N.E.2d 90; *Long,* paragraph two of the syllabus. The defendant carries the burden to establish the existence of plain error, unlike the situation in a claim of harmless error, where the burden lies with the state.

{¶ 32} Here, the trial court instructed the jury that the state has the burden to prove beyond a reasonable doubt all the essential elements of the offenses with which defendant was charged. The court then instructed the jury as to the elements of the offense of murder, the affirmative defense of self-defense, and the elements of felonious assault, in that order. In its self-defense instructions, the court instructed the jury that the defendant has the burden to prove self-defense, but the court failed to instruct the jury that a defendant's burden in establishing the affirmative defense was "by a preponderance of the evidence." See R.C. 2901.05(A); 4 Ohio Jury Instructions 409.57; *Martin,* 21 Ohio St.3d 91, 21 OBR 386, 488 N.E.2d 166, syllabus. This omission was improper.

{¶ 33} As Cooper argues, the logical result of the trial court's omission was that the jury believed Cooper had the burden to prove self-defense "beyond a reasonable doubt" because that was the only burden it received in the charge. Cooper also persuasively contends that the trial court's failure to repeat the instructions on self-defense after it instructed the jury on the elements of felonious assault may have left the jury with the impression that self-defense does not apply to felonious assault.

{¶ 34} The law requires a trial court to give the jury all instructions that are relevant and necessary for the jury to properly weigh the evidence and reach its verdict as the fact-finder. *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus. The trial court erred in failing to instruct the jury that the applicable burden by which defendant had to prove self-defense was "by a preponderance of the evidence." See R.C. 2901.05(A); 4 Ohio Jury Instructions 409.57. However, "a jury instruction [that is] violative of R.C. 2901.05(A) does not constitute a plain error or defect under Crim.R. 52(B) unless,

but for the error, the outcome of the trial clearly would have been otherwise." *Long,* 53 Ohio St.2d at 96–97, 7 O.O.3d 178, 372 N.E.2d 804. "The application of the rule is to prevent manifest injustice." *Williford,* 49 Ohio St.3d at 252, 551 N.E.2d 1279.

{¶ 35} The court's omission concerning the applicable burden of proof to establish self-defense resulted in a manifest miscarriage of justice. The failure to give a proper instruction on the burden of proof is akin to structural error in this case. Given the fundamental nature and importance of the distinction between the state's burden of proof (beyond a reasonable doubt) and the defendant's (a mere preponderance), we cannot say with any sense of confidence that this omission did not affect the outcome of the trial. We believe the structural nature of this omission leads to such a lack of confidence in the verdict that it amounts to error per se.

{¶ 36} Accordingly, we sustain the third assignment of error and reverse and remand for a new trial.

*Judgment reversed*
*and cause remanded.*

ABELE, J., concurs.

KLINE, J., concurs in judgment only.