[Cite as *State v. Calloway* , 2011-Ohio-173.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,              :  Case No.  10CA3147
                                        :
    vs.                               :  **Released: January 7, 2011**
                                        :
ALBERT E. CALLOWAY,                     :  <u>DECISION AND JUDGMENT</u>
                                        :  <u>ENTRY</u>
    Defendant-Appellant.             :
_____
<u>APPEARANCES:</u>

Benjamin J. Partee and Derek J. Walden, Miller, Dorman, & Partee, LLC, Chillicothe, Ohio, for Appellant.

Michael M. Ater, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.
_____

McFarland, P.J.:

{¶1} Appellant appeals the Ross County Court of Common Pleas' judgment entry of sentence issued after a jury found Appellant guilty of possession of cocaine, a second degree felony in violation of R.C. 2925.11. On appeal, Appellant raises a single assignment of error contending that the trial court erred in denying his Crim.R. 29 motion for judgment of acquittal,

arguing the state failed to present sufficient evidence to support a conviction for possession of controlled substances.   We conclude Appellant failed to preserve his Crim.R. 29 motion for appellate review, and because there exists no plain error, overrule his sole assignment of error.   Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶2} Appellant, Albert Calloway, was indicted on March 9, 2007, on one count of possession of cocaine, a second degree felony in violation of R.C. 2925.11.  The indictment stemmed from a routine traffic stop that occurred on November 28, 2006, in Chillicothe, Ohio.  After Appellant's vehicle was stopped for three moving violations, it was discovered that Appellant was driving without a license.  Appellant was placed under arrest, two officer safety pat downs were performed and Appellant was placed in the back of the cruiser while a vehicle inventory was performed, and while waiting for a tow truck to arrive.  After transporting Appellant to the jail for booking and removing Appellant from the cruiser, the arresting officer discovered a white substance, later determined to be crack cocaine, in the back seat area of the cruiser where Appellant had been seated during transport.

{¶3} Appellant pled not guilty to the charge and the matter proceeded to a two-day jury trial beginning on December 15, 2009.  At trial, among other witnesses, the State presented testimony by Chief Roger Moore (formerly Captain Moore at the time of Appellant's initial arrest) and Investigator Timothy Gay (formerly Officer Timothy Gay at the time of Appellant's initial arrest).  Chief Moore testified that he was a backup officer during the stop and that his cruiser was being driven that night.  He testified that, in accordance with policy, he checked the backseat of his cruiser for contraband prior to the start of his shift that night and found nothing.  He further testified that Appellant was the first prisoner in the cruiser that night and that no one else would have had access to the back seat area.

{¶4} Investigator Gay testified that immediately after Appellant exited the vehicle for booking, he found a white substance, later determined to be crack cocaine, on the seat where Appellant had been sitting.  Upon searching further, Investigator Gay located a baggie with a rock of crack cocaine that had been stuffed into the back rest area of the seat near the pathway of the seatbelt.  A video was also played for the jury which depicted Appellant during the time he was seated in the backseat of the cruiser alone while the arresting officers were waiting on the tow truck to arrive.  The video shows

Appellant making several unusual movements, scooting around in the seat, bending down, grimacing, and also shows what appears to be a tug on the seatbelt several times.

{¶5} At the close of the State's evidence, Appellant made a Crim.R. 29 motion for judgment of acquittal, which was denied by the trial court. Appellant then began his defense, which consisted of the testimony of one witness, and rested his case. Appellant did not renew his Crim.R. 29 motion for judgment of acquittal at the close of all evidence. The matter was then submitted to the jury, which found Appellant guilty and the trial court sentenced Appellant to four years in prison. It is from this judgment entry of sentence that Appellant now brings his timely appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIMINAL RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL AS THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR POSSESSION OF CONTROLLED SUBSTANCES."

{¶6} In his first assignment of error, Appellant contends that the trial court erred in overruling his Crim.R. 29(A) motion for judgment of acquittal. Crim.R. 29(A) provides: "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the

entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."  At the close of the State's case-in-chief, Appellant moved for a Crim.R. 29 acquittal, which the trial court denied.

{¶7} Initially, we note that although Appellant moved for a Crim.R. 29 motion for judgment of acquittal at the close of the State's case, our review of the record indicates that Appellant failed to renew his Crim.R. 29(A) motion at the close of all the evidence. "This Court has previously held that a defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence."  *State v. Burton*, Ross App. No. 06CA2892, 2007-Ohio-2320 at ¶31; See, also, *State v. Eggeman*, Van Wert App No. 15-04-07, 2004-Ohio-6495 (overruling claimed error related to denial of Crim.R. 29 motion because it was not properly preserved for review); *State v. Woodson*, Ross App. No. 97-CA-2306, 1998 WL 51606 (applying waiver doctrine upon similar facts reasoning appellant failed to preserve all but plain error.)

{¶8} "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Phillips* (1995), 74 Ohio St.3d 72, 80, 1995-Ohio-171, 656 N.E.2d 643, citing State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Under a plain error analysis, reversal is warranted only when the outcome of the trial clearly would have been different without the error. *Long*; *State v. Keith* (1997), 79 Ohio St.3d 514, 1997-Ohio-367, 684 N.E.2d 47.

{¶9} Although Appellant has not asserted on appeal that the trial court's action in overruling his Crim.R. 29 motion for judgment of acquittal constituted plain error, we note that there was no error during Appellant's trial that clearly would have affected the outcome. Despite the fact that there was no direct evidence presented at trial that Appellant was in possession of cocaine, there was substantial indirect evidence. For example, the testimony of Chief Roger Moore and Detective Gay that the cruiser used in the stop had been searched for contraband prior to the start of the shift that evening, that Appellant was the only prisoner in the cruiser that shift, and that upon Appellant's exit from the rear of the cruiser, Detective Gay found a white substance and then a baggie containing what was later identified as crack cocaine stuffed into the seat where Appellant was sitting, supported the

jury's verdict.  Further, the video tape played for the jury showed Appellant making multiple unusual movements in the while alone in the backseat of the cruiser, which involved moving and pulling on the seatbelt, under which the bag of crack cocaine was ultimately located.

{¶10} Viewing this evidence in a light most favorable to the prosecution, any reasonable trier of fact could have found Appellant guilty of possession of cocaine.  Thus, we find no error, let alone plain error.  As such, Appellant's sole assignment of error is overruled.  Accordingly, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

Harsha, J., concurring in judgment only:

{¶11} I no longer share my colleagues' view that failure to review a Crim.R. 29(A) motion at the close of the evidence results in waiver of a sufficiency of the evidence assignment of error.  See by analogy, *State v. Cooper*, 170 Ohio App.3d 418, 2007-Ohio-1186, ¶13 (failure to move for acquittal under Crim.R. 29(A) does not waive a challenge to the sufficiency of the evidence), citing *State v. Jones* (2001), 91 Ohio St.3d. 335, 346, and *State v. Carter* (1992), 64 Ohio St.3d 218, 223.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only with Opinion.

For the Court,

BY: _____
        Matthew W. McFarland
        Presiding Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**