[Cite as *State v. Gibson*, 2015-Ohio-3616.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-14-1063

       Appellee                                      Trial Court No. CR0201303230

v.

Meika Gibson                                          **DECISION AND JUDGMENT**

       Appellant                                     Decided:  September 4, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Michael J. Loisel, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal brought by appellant, Meika Gibson, from the judgment of

the Lucas County Court of Common Pleas which found her guilty of a violation of R.C.

2903.11(A), felonious assault, a felony of the second degree.  Appellant was then

sentenced to serve a sentence of three years in prison with a mandatory three years of postrelease control.

{¶ 2} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, she should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

{¶ 3} Appellee, state of Ohio, did file a responsive brief in which it agreed that there are no meritorious arguments that would support this appeal and did not object to counsel's motion to withdraw.

{¶ 4} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did not file a pro se brief in this matter.

2.

**{¶ 5}** Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed the entire record from below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

**{¶ 6}** Counsel refers to two possible, but ultimately untenable, issues: (1) the appellant's conviction fell against the sufficiency and/or manifest weight of the evidence concerning the affirmative defense under R.C. 2901.05, and (2) the trial court abused its discretion in refusing to instruct the jury concerning the lack of duty to retreat in one's own residence under R.C. 2901.09

**{¶ 7}** Under Ohio law, self-defense is an affirmative defense which a defendant must establish by a preponderance of the evidence. R.C. 2901.05(A); *State v. Martin,* 21 Ohio St.3d 91, 94, 488 N.E.2d 166 (1986). To prove self-defense, a defendant must prove (1) that she was not at fault in creating the situation giving rise to the use of deadly force, (2) that she had reasonable grounds to believe and an honest belief that she was in immediate danger of death or great bodily harm and that her only means of escape from such danger was by the use of deadly force, and (3) that she did not violate any duty to escape to avoid the danger. *State v. Cooper*, 170 Ohio App.3d 418, 426, 2007-Ohio-1186, 867 N.E.2d 493, ¶ 18 (4th Dist.), citing *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990).

**{¶ 8}** In the case before the court, the prosecution presented the testimony of the police officers who responded to a 911 call made by first medical responders. Appellant admitted to one of the officers that she had stabbed the victim and told him where the

3.

knife was located. Appellant further told one of the officers that she had felt threatened by the victim and then stabbed him. The officer observed the victim while he was being treated by emergency personnel but was unable to communicate with him due to his intoxicated condition and the fact that he was suffering from a stab wound at the time. Appellant also said she had been punched by the victim.

{¶ 9} The victim was unable to be located and provided no information and did not appear at trial. Nevertheless, appellant did admit to stabbing the victim with a knife. To establish a defense of self-defense the burden is on the appellant to prove: (1) no fault in creating the situation; (2) that she had reasonable grounds to believe and an honest belief that she was in immediate danger of death or great bodily harm; (3) that her only means of escape from such danger was by the use of deadly force; and (4) that she did not violate any duty to escape to avoid the danger. Ultimately, this is a credibility question that must be determined by the jury.

{¶ 10} "Sufficiency of the evidence" is a legal standard which is applied to determine whether the evidence is legally sufficient to support a jury verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds, State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997). It requires the court to determine whether the state has presented enough evidence on each element of the crime to allow the case to go to the jury. *Id*. There was clearly sufficient evidence presented for the jury to make a determination,

4.

based upon a credibility assessment, as to whether appellant had established a self-defense under R.C. 2901.05(A).

{¶ 11} A manifest weight challenge questions whether the state has met its burden of persuasion. *State v. Davis*, 6th Dist. Wood No. WD-10-077, 2012-Ohio-1394, citing *Thompkins* at 387. In making this determination, the court of appeals sits as a "thirteenth juror" and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins, supra*, at 386.

{¶ 12} This court has reviewed the applicable law as well as the trial court's record, including the oral testimony of the trial. Upon due consideration, we find that the record contains sufficient evidence to support appellant's conviction for a violation of R.C. 2903.11(A), felonious assault. In addition, we find, after reviewing the entire record and weighing the evidence and all reasonable inferences, that the trier of fact did not lose its way in reaching its verdict.

{¶ 13} Therefore, this potential assignment of error is without merit.

{¶ 14} The second potential assignment of error involves a consideration of the "Castle Doctrine" as set forth in R.C. 2901.09. That section states in pertinent part:

> (B) For purposes of any section of the Revised Code that sets forth a criminal offense, a person who lawfully is in that person's residence has no

duty to retreat before using force in self-defense, defense of another, or defense of that person's residence, and a person who lawfully is an occupant of that person's vehicle or who lawfully is an occupant in a vehicle owned by an immediate family member of the person has no duty to retreat before using force in self-defense or defense of another.

{¶ 15} However, it is undisputed that both appellant and the victim were residents of the dwelling where the stabbing took place.

{¶ 16} Counsel aptly points out that the Castle Doctrine as set out in the Ohio Revised Code has a specific exemption set forth in R.C. 2901.05(B)(2)(a) which states:

(2)(a) The presumption set forth in division (B)(1) of this section does not apply if the person against whom the defensive force is used has a right to be in, or is a lawful resident of, the residence or vehicle.

{¶ 17} Therefore, we cannot find that the trial court abused its discretion in denying appellant's requested jury instruction to apply the Castle Doctrine.

### Conclusion

{¶ 18} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California*. We have examined the various filings and the written transcript of the trial and have found no error prejudicial to appellant's rights in the proceedings in the trial court and have further found no non-frivolous issues for review. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is deemed wholly frivolous.

6.

{¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.  The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____

JUDGE

Thomas J. Osowik, J.

_____

JUDGE

Stephen A. Yarbrough, P.J.
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.