[Cite as *State v. Schwendeman*, 2018-Ohio-240.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| THOMAS SCHWENDEMAN, | : | **RELEASED: 01/17/2018** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Patrick T. Clark, Assistant State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio for appellant.

Lisa A. Eliason, City Law Director, Jessica L. Branner, Athens City Prosecutor, Athens, Ohio for appellee.

Harsha, J.

{¶1}   After a jury found Thomas Schwendeman guilty of criminal damaging, the court sentenced him to suspended jail time, a fine, and restitution. Schwendeman contends that the trial court committed plain error and violated his constitutional due process rights in failing to give a jury instruction that a privilege to remove encroachments from his property would constitute a full defense. He also contends that he was denied the right to effective assistance of counsel because his trial counsel failed to request a corresponding jury instruction.

{¶2}   The trial court did not commit plain error when it omitted a jury instruction on an owner's privilege to remove encroachments from his land. Schwendeman presented no credible evidence supporting his contention that he owned the land. Consequently, he failed to establish by the preponderance of the evidence an affirmative defense of privilege to remove an encroachment. As a matter of law the trial

court could not have given a jury instruction on this affirmative defense. It was not an error, plain or otherwise, for the trial court to omit this instruction. Thus the trial court did not violate Schwendeman's constitutional rights. And because the trial court properly omitted this jury instruction, Schwedeman's trial counsel cannot be deficient for failing to request an unwarranted instruction.

{¶3}    We affirm the trial court judgment.

## I. FACTS

{¶4}    The state charged Schwendeman with criminal damaging, a second-degree misdemeanor under R.C. 2909.06(A) because he damaged a chain-link fence between his property and that of his neighbors, Dawn and Gordon Roach. Schwendeman lives behind the Roaches on an adjacent property. The trial record reveals that the Roaches erected a chain-link fence around their property in 2004 or 2005.

{¶5}    About 12 years later, neighbor Danielle Metcalf informed Dawn Roach and Dawn's mother Linda Bennett that Schwendeman was tearing down the Roaches' chain-link fence. Metcalf testified that she lived next door to the Roaches and that she witnessed Schwendeman yelling and kicking the fence and showing "a lot of anger towards the fence." Metcalf testified that Linda Bennett approached Schwendeman and the two began talking. Metcalf saw two or three panels of fencing on the ground and heard Schwendeman state that he kicked the fence down because he was mad that the Roaches sprayed for poison ivy.

{¶6}    Linda Bennett testified that she is Dawn Roach's mother and lives a few houses down from her. Bennett testified that she and Dawn were sitting outside when

Danielle Metcalf approached and informed them that an older man was tearing down the Roaches' fence. Bennett testified that she went over and spoke with Schwendeman, who told her that it was his fence and he was taking it down. But Bennett told Schwendeman that he knew it was not his fence and he knew it had been erected by the Roaches. Bennett testified she began repairing the fence as she spoke with Schwendeman.

{¶7}   Gordon Roach testified that his wife called him at work and told him that Schwendeman had started tearing down their fence. When Gordon came home from work he called the Athens County Sheriff's Office and made a report. Gordon testified he was unaware that there was any history of disputes with Schwendeman other than once Schwendeman had complained about Roach's occasional backyard campfires and one other time Schwendeman complained to Gordon about Gordon's radio volume. Gordon testified about the damage Schwendeman caused to the fence. On cross-examination Gordon testified that prior to installing the fence, he had his property surveyed and he installed the fence along the pins on his property.

{¶8}   Athens County Sheriff Deputy Jennifer Atkins testified she responded to the Roaches' call. Deputy Atkins inspected the fence and spoke to neighbor Danielle Metcalf, Dawn's mother Linda Bennett, as well as Gordon and Dawn Roach. Deputy Atkins attempted to interview Schwendeman but he was not home, so she was unable to interview him until a few weeks after the incident. Deputy Atkins testified that Schwendeman complained to her about the Roaches' campfires and told her that he had contacted the Environmental Protection Agency in the past about the fires. He also complained about the Roaches' spraying herbicides for poison ivy along the fence line.

Schwendeman told her that he uses the brush along the fence to get berries, so the use of chemicals was a concern to him. Deputy Atkins testified that Schwendeman admitted that he had kicked down the fence because he was angry over the Roaches' use of chemicals. Deputy Atkins asked Schwendeman if it was his fence; Schwendeman admitted that it was not his fence and it was not on his property.

{¶9}  Athens County Sheriff Lieutenant Jason Kline testified he went with Deputy Atkins to interview Schwendeman and heard Schwendeman admit both to damaging the fence and that he did not own it.

{¶10}  Schwendeman testified about his problems with the five or six fires the Roaches built in their backyard. Schwendeman reviewed photographs of the fence damage and testified that the fence was installed in 2004 and the only damage he saw was "wear and tear that's happened over the period of twelve years. More than twelve years it's been there." Schwendeman claimed that he witnessed tree branches falling on the fence and the Roaches' children climbing the fence, causing the fence to come apart. Schwendeman testified that on multiple occasions he saw the fence pull loose and collapse on the children when they were climbing it. Schwendeman said he attempted to "disconnect it carefully when I disconnected the mesh from the poles because I wanted, wanted to move it with me. He [Gordon Roach] knew it wasn't on his property . . . he's said unless I have the property surveyed and he took me to court. He wouldn't move the fence."

{¶11}  On cross-examination Schwendeman admitted he was angry when he began dismantling the fence, "I had been poisoned. My berries had been poisoned . . .

my food had been poisoned and my next smoothie would make me very ill." Schwendeman admitted he did not "own" the fence, but claimed "it was on my property."

**{¶12}** In his closing argument Schwendeman's attorney argued that the children, dogs, and trees caused the damage to the Roaches' fence. The apparent defense strategy was to convince the jury that the fence was twelve to thirteen years old, was suffering the usual wear and tear, and that Schwendeman did not cause the minimal damage in the photographs. Defense counsel did not seek a jury instruction that Schwendeman was exercising a privilege to remove an obstruction on his own land and did not object to the court's jury instructions.

**{¶13}** The jury returned a guilty verdict. After the trial court heard evidence of monetary damages it ordered restitution and imposed a fine and jail term, but suspended all of the jail time and some of the fine.

## II. ASSIGNMENTS OF ERROR

**{¶14}** Schwendeman assigns the following errors for our review:

1. THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED MR. SCHWENDEMAN'S DUE PROCESS RIGHTS, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION BY FAILING TO INSTRUCT THE JURY THAT MR. SCHWENDEMAN'S PRIVILEGE TO REMOVE ENCROACHMENTS FROM HIS PROPERTY WOULD CONSTITUTE A FULL DEFENSE TO THE CHARGE OF CRIMINAL DAMAGING. T.PP. 148, 154, 161, 169-170; *STATE V. WILLIFORD*, 49 OHIO ST.3D 247, 551 N.E.2D 1279 (1990); *STATE V. COOPER*, 170 OHIO APP.3D 418, 2007-OHIO-1186, 867 N.E.2D 493 (4TH DIST.); *NEWPORT HARBOR ASS'N V. DICELLO*, 8TH DIST. CUYAHOGA NO. 87126, 2006-OHIO-4493.

2. MR. SCHWENDEMAN'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE

OHIO CONSTITUTION WAS DENIED WHEN TRIAL COUNSEL FAILED TO REQUEST THAT THE COURT INSTRUCT THE JURY ON AN AFFIRMATIVE DEFENSE OF MR. SCHWENDEMAN'S PRIVILEGE TO REMOVE ENCROACHMENTS FROM HIS OWN LAND. *STRICKLAND V. WASHINGTON*, 466 U.S. 668, 104 S.CT. 2052, 80 L.ED.2D 674 (1984); *STATE V. BRADLEY*, 42 OHIO ST.3D 136, 538 N.E.2D 373 (1989).

## III. LAW AND ANALYSIS

### A. Plain Error and the Standard of Review

{¶15}  "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). Schwendeman did not object to any omission in the court's instructions. "A party's failure to object to jury instructions before the jury retires constitutes a waiver of any claim of error regarding the instructions, absent plain error." *State v. Cooper*, 170 Ohio App.3d 418, 2007-Ohio-1186, 867 N.E.2d 493, ¶ 30 (4th Dist.).

{¶16}  We apply the doctrine of plain error cautiously and only under exceptional circumstances to prevent a manifest miscarriage of justice. *Id.* In that regard, "[T]he test for plain error is stringent."  *State v. Ellison*, 4th Dist. Highland No. 16CA16, 2017-Ohio-284, ¶ 27.  "To prevail under this standard, the defendant must establish that an error occurred, it was obvious, and it affected his or her substantial rights."  *State v. Spaulding*, __ Ohio St.3d __, 2016-Ohio-8126, __ N.E.3d __, ¶ 64.  An error affects substantial rights only if it changes the outcome of the trial.  *Id.* As noted we notice plain error only to prevent a manifest miscarriage of justice.  *State v. Fouts*, 4th Dist. Washington No. 15CA25, 2016-Ohio-1104, ¶ 59, quoting *State v. Long*, 53 Ohio St.3d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. The defendant carries the

burden to establish the existence of plain error, unlike the situation in a claim of harmless error, where the burden lies with the state. *Cooper* at ¶ 31.

### B. Jury Instruction on Landowner's Privilege
### to Remove Encroachments on Land

**{¶17}** "A criminal defendant has the right to expect that the trial court will give complete jury instructions on all issues raised by the evidence." *State v. Howard,* 4th Dist. Ross No. 07CA2948, 2007-Ohio-6331, ¶ 26. "[A] trial court should give a proposed jury instruction if it is a correct statement of the law and is applicable to the facts of the particular case." *Id.* citing *Murphy v. Carrollton Mfg. Co.*, 61 Ohio St.3d 585, 591, 575 N.E.2d 828 (1991).

**{¶18}** Our review of whether a jury instruction is warranted is de novo. *State v. Depew,* 4th Dist. Ross App. No. 00CA2562, 2002-Ohio-6158, ¶ 24 ("While a trial court has some discretion in the actual wording of an instruction, the issue of whether an instruction is required presents a question of law for de novo review.") In determining whether to give a requested jury instruction, a trial court reviews the sufficiency of the evidence to support the requested instruction. *State v. Hively*, 4th Dist. Gallia No. 13CA15, 2015-Ohio-2297, ¶ 20 (Harsha, J. dissenting on other grounds).  A trial court has no obligation to give an instruction if the evidence does not warrant it. *State v. Hamilton*, 4th Dist. Scioto No. 09CA3330, 2011-Ohio-2783, ¶ 70.

**{¶19}** Under Ohio law a land owner has the right to use self-help to remove encroachments on his property, provided the landowner acts with reasonable care. *Brewer v. Dick Lavy Farms, LLC,* 2016-Ohio-4577, 67 N.E.3d 196, ¶ 23 (2nd Dist.)

citing *Newport Harbor Assn. v. DiCello*, 8th Dist. Cuyahoga No. 87126, 2006-Ohio-4493. A defendant must meet the burden of going forward with evidence sufficient to raise an affirmative defense. *See* R.C. 2901.05(A). As a matter of law the trial court cannot give a jury instruction on an affirmative defense if a defendant fails to meet this burden. *State v. Howard*, 2007-Ohio-6331, at ¶ 28.

**{¶20}** The proper standard for determining whether a defendant in a criminal case has successfully raised an affirmative defense asks whether the defendant has introduced sufficient evidence which, if believed, would raise a question in the minds of reasonable jurors concerning the existence of the issue. *Id* at ¶ 29, citing *State v. Melchior*, 56 Ohio St.2d 15, 20, 381 N.E.2d 195 (1978). Here Schwendeman failed to introduce any credible evidence supporting his claim that he owned the property where the fence was located.

> There are a variety of ways in which a party may show ownership of land. A party may offer into evidence any deeds relating to the transfer of property, provisions in a will or by way of express written agreement. Also competent as evidence are surveys or plats or maps. 7 O. Jur. 2d 821, 822, Boundaries, Secs. 55, 57. Again, the claimant must establish ownership by a preponderance of the evidence.

*Reed v. Fronfield,* 3rd Dist. Van Wert No. 15-83-25, 1985 WL 9059, *3 (Jan. 14, 1985); *see also Dean v. Cox*, 4th Dist. Lawrence No. 11CA10, 2012-Ohio-782 (surveys and the testimony of surveyors provide competent credible evidence of boundaries in a boundary dispute). Schwendeman did not introduce a deed, a survey or surveyor's testimony to support his contention that he owned the property on which the fence was erected. Moreover, his claim at trial that the fence was on his land directly contradicted prior statements he gave to the Athens County Sheriff Deputy Atkins and Lieutenant Kline. Without providing a rationale for the inconsistency with his prior admissions to the

deputies, Schwendeman's trial testimony was not credible. Because there was no credible evidence supporting Schwendeman's contention that he owned the land, the trial court, as a matter of law, could not have properly given a jury instruction on this affirmative defense. *See State v. Nichols*, 4th Dist. Scioto No. 01CA2775, 2002-Ohio-415, *Howard, supra*. It was not an error, plain or otherwise, for the trial court to omit this instruction. And because he does not argue application of state law on the instruction issue deprives him of due process, Schwendeman cannot establish a violation of federal or state constitutional rights.

We overrule Schwendeman's first assignment of error.

### C. Ineffective Assistance of Counsel

**{¶21}** The second assignment of error contends that Schwendeman received ineffective assistance of counsel because his attorney failed to request a jury instruction on his privilege to remove an encroachment from his land.

**{¶22}** Based upon our disposition of the first assignment of error, a request for an instruction would have been meritless. Because Schwendeman's trial counsel cannot be deficient for failing to request an unwarranted jury instruction, we overrule the second assignment of error. *See, e.g., State v. Tolbert*, 4th Dist. Washington No. 15CA5, 2015-Ohio-4733, ¶ 27 ("counsel's failure to raise what at the time was a meritless objection was not deficient").

**{¶23}** And based upon the "wear and tear" defense at trial, it is apparent that counsel's failure to request the instruction was based upon sound trial strategy.

### IV. CONCLUSION

{¶24}    The trial court did not commit plain error in omitting jury instructions on a landowner's privilege to remove encroachments on his land where the defendant failed to present any credible evidence to support his contention that he owned the land on which the fence was installed. Trial counsel cannot be found deficient for failing to request an unwarranted jury instruction or for exercising sound trial strategy.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
William H. Harsha, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**