[Cite as *State v. Parker*, 2019-Ohio-3908.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-990<br>(C.P.C. No. 17CR-3184) |
| v. | : | No. 18AP-991<br>(C.P.C. No. 17CR-3283) |
| William D. Parker, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on September 26, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Brian J. Rigg*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} In these consolidated cases, defendant-appellant, William D. Parker, appeals from judgments of conviction and sentence entered by the Franklin County Court of Common Pleas following trial court verdicts finding him guilty of felonious assault. For the following reasons, we affirm.

{¶ 2} On June 12, 2017, appellant was indicted in Franklin C.P. No. 17CR-3184 ("case No. 3184") on one count of felonious assault in violation of R.C. 2903.11 arising from an incident on May 17, 2017 involving Meredith Campbell. On June 15, 2017, appellant was indicted in Franklin C.P. No. 17CR-3283 ("case No. 3283") on one count of attempted murder in violation of R.C. 2923.02 as it relates to R.C. 2903.02, and one count of felonious assault in violation of R.C. 2903.11 arising from an incident on June 2, 2017 involving Joel

Reese, Jr. Upon motion of plaintiff-appellee, State of Ohio, the cases were joined for trial. Appellant waived his right to a jury trial and elected to be tried to the court. The trial court found appellant guilty of felonious assault in case No. 3184 and not guilty of attempted murder but guilty of felonious assault in case No. 3283. Following a sentencing hearing, the trial court sentenced appellant to four years imprisonment in case No. 3184, seven years imprisonment in case No. 3283, and ordered the sentences to be served concurrently.

{¶ 3} Appellant timely appealed the trial court's judgments and this court consolidated the cases for purposes of appeal.[1] Appellant sets forth a single assignment of error for our consideration:

> The trial court erred when it denied defendant-appellant's R.
> 29 [sic] motion for acquittal.

{¶ 4} The following evidence was adduced at trial in case No. 3184. At approximately 9:00 p.m. on May 17, 2017, appellant and several other persons, including Meredith Campbell, were gathered in the courtyard of an apartment building located at 1035 Atcheson Street, drinking beer, and listening to music. At some point, Campbell observed appellant choking a woman named Neicie. When Campbell intervened, appellant began fighting him. Although Campbell did not see a knife in appellant's hand, he felt something "sticking [him]" and thereafter discovered that he was bleeding. (Tr. at 62.) In an attempt to protect himself, Campbell retrieved a drywall knife from the seat cushion of his walker, but dropped it on the ground during the fight. Following the altercation with appellant, Campbell went upstairs to his apartment and called the police. Police arrived and found Campbell bleeding from a cut under his armpit. Campbell also had several smaller cuts to his chest. Police recovered several items from the scene, including a pair of bloody flip-flops, a beer can inside a brown paper bag, and a bloody drywall knife.

{¶ 5} Appellant provided a different account of the events of May 17, 2017. According to appellant, he was sitting outside near Neicie and Campbell. When he rejected Neicie's "proposition," she became aggressive and tried to "pickpocket" him. *Id.* at 207. Appellant pushed her away and called her derogatory names. Campbell stood up and swung at knife near appellant's throat. During the ensuing fight, Campbell "stuck himself"

---

[1] By journal entry filed December 28, 2018, this court sua sponte consolidated the appeals docketed under case Nos. 18AP-990 and 18AP-991 for purposes of record filing, briefing, oral argument, and determination.

with the knife he still had in his hand. *Id.* at 209. Appellant did not have a weapon and did not wrest the knife from Campbell during the fight. Campbell eventually dropped the knife on the ground.

{¶ 6} In case No. 3283, the parties presented the following evidence. At approximately 11:00 p.m. on June 2, 2017, Reese and several other people, including appellant, were in the courtyard of 1035 Atcheson Street, drinking beer, and smoking marijuana. Reese was not acquainted with any of the people, including appellant. According to Reese, appellant had a knife; he was waving it around and "getting sort of like aggressive." *Id.* at 147. After several people left the area, Reese asked appellant why he was being so aggressive. Reese was unarmed and did not threaten appellant; however, appellant lunged at him with the knife. Reese put his hands up in a defensive posture and attempted to get away from appellant, but appellant repeatedly slashed him with the knife. Reese managed to pull appellant to the ground, but after realizing the severity of his injuries, got up and ran into the apartment building and asked a security guard for help. Reese called an ambulance and waited outside on the curb.

{¶ 7} Police arrived and found Reese on the ground in a pool of blood. No other persons were in the area. Approximately ten minutes later, appellant arrived on foot. He appeared to be intoxicated and demanded that police allow him into the crime scene to look for his glasses. His hands, face, and clothing were bloody. Police took appellant into custody and subsequently learned that there was an outstanding warrant for his arrest. During a search of appellant's person incident to arrest, police recovered a pocket knife from the right front pocket of appellant's jeans. The knife had dried blood on both the blade and the handle. Police recovered a pair of sunglasses, a bloody striped shirt, and a bloody white shirt. No other weapon was recovered from the scene. Through DNA testing, police determined that Reese's blood was on appellant's shirt, face, and knife.

{¶ 8} Appellant testified that on June 2, 2017, he rode his bicycle to 1035 Atcheson Street and sat outside with friends socializing and listening to music. Reese approached the group and attempted to climb onto appellant's bicycle. When appellant confronted him, Reese grabbed appellant by the throat and began choking him. Appellant fell to the ground; Reese was on top of him. Appellant observed what appeared to be a box cutter in Reese's hand. In an effort to defend himself, appellant bit Reese's hand, causing him to release the

box cutter. Appellant grabbed it and stabbed Reese multiple times. When he saw blood, he got scared and ran away. He later returned to the scene to look for his glasses. By this time, police had arrived. He admitted he was uncooperative in response to police questioning and told the police that he was merely a witness to a fight between two men and got blood on him during their fight.

{¶ 9} At the close of the state's case and again at the close of all the evidence, appellant moved for judgment of acquittal pursuant to Crim.R. 29 as to both cases. The trial court denied both motions. In his sole assignment of error, appellant contends the trial court erred in so ruling because the preponderance of the evidence at trial proved his claim that he acted in self-defense in both incidents.

{¶ 10} The same standard of review applies to sufficiency of the evidence and Crim.R. 29(A) motions for acquittal. *State v. Rankin,* 10th Dist. No. 10AP-1118, 2011-Ohio-5131, ¶ 11; *State v. Gripper,* 10th Dist. No. 12AP-396, 2013-Ohio-2740, ¶ 24, fn. 1. Whether evidence is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997). On review for sufficiency, an appellate court construes the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found each of the essential elements of the offense proven beyond a reasonable doubt. *Rankin* at ¶ 12, citing *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. A reviewing court thus assesses not whether the state's evidence is to be believed, but whether, if believed, the evidence against the accused would support a conviction. *Thompkins* at 390.

{¶ 11} R.C. 2903.11(A) defines the offense of felonious assault and prohibits a person from "knowingly * * * [c]aus[ing] serious physical harm to another" or "[c]aus[ing] or attempt[ing] to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." Appellant does not assert that the state failed to prove any of the elements of felonious assault in either of the cases upon which he was convicted. Rather, appellant's challenge to the sufficiency of the evidence is based upon his contention that in both cases he proved his claim of self-defense by a preponderance of the evidence.

{¶ 12} Self-defense is an affirmative defense. *Gripper* at ¶ 24, citing *State v. Campbell,* 10th Dist. No. 07AP-1001, 2008-Ohio-4831, ¶ 21, citing *State v. Calderon,* 10th Dist. No. 05AP-1151, 2007-Ohio-377, ¶ 30. A sufficiency-of-the-evidence review does not

apply to affirmative defenses because such a review does not consider the strength of defense evidence. *Id.,* citing *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 37. As noted above, a claim of insufficient evidence challenges the sufficiency of the state's evidence. Accordingly, appellant may not challenge the trial court's rejection of his self-defense claim on sufficiency of the evidence grounds. *Id.,* citing *State v. Cooper,* 170 Ohio App.3d 418, 2007-Ohio-1186, ¶ 15; *Rankin* at ¶ 17 ("The 'due process "sufficient evidence" guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime.' ").[2]

{¶ 13} Appellant's self-defense contentions are more properly addressed in a manifest weight of the evidence context. However, appellant did not assign as error that his convictions are against the manifest weight of the evidence. Even if appellant's argument could be construed as raising a manifest weight challenge, we need not address it, as "[t]his court rules on assignments of error, not mere arguments." *Gripper* at ¶ 24, fn. 2, citing *D.L. Lack Corp. v Liquor Control Comm.,* 191 Ohio App.3d 20, 2010-Ohio-6172, ¶ 19 (10th Dist.)

{¶ 14} For the foregoing reasons, we overrule appellant's sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

---

[2] We note that R.C. 2901.05, which addresses the affirmative defense of self-defense, was amended effective March 28, 2019. Although not applicable here, application of the new statute to offenses committed after the effective date of this statute could change the sufficiency analysis.