[Cite as *State v. Elliott*, 2019-Ohio-3594.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180294 |
| | | TRIAL NO. B-1702979 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MARKEISHA ELLIOTT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 6, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} The gasoline of social media, poured on a simmering feud, sparked a conflagration that left one person dead. A murder prosecution ensued, resulting in a conviction that gives rise to this appeal. But the defendant only presents an ineffective assistance claim in this appeal, insisting that defense counsel should have pursued an "accident" theory at trial rather than "defense of another." The record, however, undermines the vitality of the accident theory, preventing us from concluding that trial counsel committed a strategic blunder here. For the reasons discussed below, we accordingly affirm the conviction.

I.

{¶2} During an afternoon in May 2017, Tyshara Walker was involved in a physical altercation with an acquaintance after being refused a ride, and she ultimately summoned the police to report the incident. After the altercation, Ms. Walker returned to work and tried to put the matter behind her, but the constant ding of Facebook alerts on her phone distracted her. Like wildfire, word spread about the incident and Ms. Walker's decision to call the police, which attracted the scorn of the Facebook community. Shawnice Johnson chimed in with the mob-like chorus, prompting a Facebook back-and-forth between her and Ms. Walker in which the two eventually agreed to "meet up" that evening, mutually understood to be an agreement to fight.

{¶3} By the time the two met on the corner of Stanton Avenue and Oak Street, the entire neighborhood appeared aware of the looming fight and eager to witness it. Though disputed whether everyone pulled up in cars with Ms. Walker, or if the crowd was already milling about, by the time Ms. Johnson and Ms. Walker met face-to-face, a crowd had gathered (some members even brandishing makeshift,

*Walking Dead*-esque weapons). Among those present in the crowd was Ms. Walker's older sister, Markeisha Elliott.

{¶4} Though initially someone attempted to defuse the situation, the scene quickly devolved into a melee, with Ms. Walker and Ms. Johnson at the epicenter. With punches and kicks flying, the two combatants ultimately tumbled to the ground. Video footage captured on cellphones from that evening reveals that it was then that Ms. Elliott, sitting on the sidelines until this point, advanced over to where her sister and Ms. Johnson wrestled on the ground. She approached the two with a small, pointed object in hand, which Ms. Elliott later acknowledged was a knife. Ms. Elliott then bent over and made a thrusting movement with the hand holding the knife in the direction of Ms. Johnson. In the wake of that blow, Ms. Johnson stumbled to her feet, clutching her neck. The crowd quickly dispersed as the severity of Ms. Johnson's wounds became apparent. Though rushed to the hospital, the knife had punctured Ms. Johnson's left carotid artery; she eventually lost consciousness and later died. After a police investigation, Ms. Elliott was indicted and tried for murder, two counts of felonious assault, and tampering with evidence.

{¶5} At trial, Ms. Elliott's defense counsel presented a defense of another theory, seeking to establish that she acted only to protect the life of her sister that evening. On the witness stand, Ms. Elliott admitted she stabbed Ms. Johnson, but portrayed it as an accident:

Q: * * * What happened when you reached in to pull these people apart?

A: I accidently stabbed [Ms. Johnson].

* * *

Q: * * * And I'm going to ask you, why did you stab [Ms. Johnson] then?

3

A: It was an accident.

Q: It was an accident?

A: Yes, sir.

* * *

A: I was trying to save [Ms. Walker], and it was an accident that I

swung and stabbed [Ms. Johnson] on accident. Yes, sir.

{¶6} The jury ultimately found Ms. Elliott guilty of murder and the two counts of felonious assault; the court sentenced her to 15 years to life in prison. From this conviction, Ms. Elliott now raises a single assignment of error, contending that she received ineffective assistance of counsel at trial because her counsel failed to request a jury instruction on the defense of accident.

II.

{¶7} The crux of Ms. Elliott's ineffective assistance of counsel claim targets her counsel's alleged failure to request a jury instruction on the defense of accident. Ms. Elliott maintains that, based on her testimony regarding the purported unintentional nature of the stabbing, such an instruction was warranted. A claim of ineffective assistance of counsel requires findings (1) that counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness, and (2) that this inadequacy prejudiced the defendant. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶8} Similar to self-defense, a claim of defense of another acknowledges that the defendant used force that caused harm to another person, but the circumstances justified the actions. *State v. Wenger*, 58 Ohio St.2d 336, 340, 390 N.E.2d 801 (1979) ("[O]ne who intervenes to help a stranger stands in the shoes of the person whom he is aiding[.]"); *State v. Moss*, 10th Dist. Franklin No. 05AP-610, 2006-Ohio-1647, ¶ 13 ("Defense of another is a variation of self-defense. Under

certain circumstances, one may employ appropriate force to defend another[.]"). Therefore, a successful claim of defense of another legally excuses an otherwise criminal use of force in defending another person. *State v. Williford*, 49 Ohio St.3d 247, 250, 551 N.E.2d 1279 (1990) (defendant could have used reasonable force to defend wife and family, as he would have been entitled to use to defend himself). Conversely, the defense of accident is not an affirmative defense "offered like self-defense to justify admitted conduct * * * . The defense of accident, instead, constitutes a denial or negation of the culpable mental state of the charged offense." *State v. Swan*, 1st Dist. Hamilton No. C-900655, 1991 WL 207271, *2 (Oct. 9, 1991).

{¶9}   In light of the incompatibility between the two defenses, counsel's decision not to request the defense of accident instruction could therefore fall within the bounds of reasonable trial strategy.  *State v. Marshall*, 175 Ohio App.3d 488, 2008-Ohio-955, 887 N.E.2d 1227, ¶ 86 (1st Dist.) ("[W]e hold that counsel engaged in sound trial strategy by not raising self-defense or defense of others * * *.  These defenses conflicted with the complete defense * * * presented—that [the defendant] was not the shooter."); *State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, 88 N.E.3d 935, ¶ 22 (counsel's decision not to request jury instruction was reasonable trial strategy when instruction would undercut the theory of the case); *State v. Schwendeman*, 2018-Ohio-240, 104 N.E.3d 44, ¶ 21-23 (4th Dist.) (sound trial strategy not to request jury instruction considering defense put forth at trial).  This is because "[t]he test for a claim of ineffective assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable." *State v. Crawford,* 2d Dist. Montgomery No. 22314, 2008-Ohio-4008, ¶ 29.  Faced with Ms. Elliott's own statement, that she admittedly knife-in-hand "swung" at Ms. Johnson, but "accidently" stabbed her, coupled with video of the incident depicting Ms. Elliott approach the victim, bend over and make a

deliberate thrusting motion, counsel could have reasonably made a strategic decision to pursue defense of another over that of accident. *See State v. Jones,* 2018-Ohio-239, 104 N.E.3d 34, ¶ 25 (4th Dist.) (counsel's decision not to request jury instruction was reasonable based on defendant's testimony). Indeed, that strikes us as the better hand to play at trial given the evidence.

{¶10} Further bolstering counsel's decision was the proper instruction the jury received as to the necessary mens rea of "knowingly" required for a finding of guilt. "[T]he accident defense is not an excuse or justification for the admitted act," the instruction instead simply "remind[s] the jury that the defendant presented evidence to negate the element of knowledge." *State v. Stubblefield,* 1st Dist. Hamilton No. C-890597, 1991 WL 17219, *3 (Feb. 13, 1991) (ineffective assistance of counsel where no instruction on accident was requested by counsel *and* court failed to define "knowingly" in jury instruction). Thus, the fact that the jury received the proper instruction as to "knowingly," and then found Ms. Elliott nevertheless culpable, suggests that they rejected any possibility of accident.

{¶11} In sum, under these circumstances, and considering the evidence presented at trial, counsel's decision not to request a jury instruction on defense of accident fell within the ambit of reasonable trial strategy. Counsel's performance was therefore not deficient. *Crawford* at ¶ 29 ("A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy."). Furthermore, we need not address whether Ms. Elliott suffered prejudice in light of the finding that counsel's performance met the constitutional standards of adequacy. *Bradley,* 42 Ohio St.3d at 143, 538 N.E.2d 373 (" '[T]here is no reason for a court deciding an ineffective assistance claim * * * to address both components of the inquiry if the defendant makes an insufficient showing on one.' " quoting *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We

therefore overrule Ms. Elliott's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry this date.